IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:23-CR-52-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OMAR DAQUAN PONTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's oral pro se motion for appointment of new counsel made during Defendant's August 11, 2026 change of plea hearing. [DE-115]. The court continued the hearing and deferred ruling on the request to allow Defendant and counsel to attempt to resolve the issues raised. The court reconvened on August 18, 2026, and conducted a hearing on Defendant's motion for new counsel. After hearing from the Government, Defendant, and defense counsel, the court denied the motion, and Defendant proceeded to enter a guilty plea at the change of plea hearing. This order serves to memorialize the court's reasons expressed at the hearing for denying the motion to appoint new counsel.

## I. BACKGROUND

Defendant was initially indicted on October 3, 2023, and charged with distribution of a quantity of fentanyl and possession of a firearm by a convicted felon. [DE-1]. The court appointed the Federal Public Defender to represent Defendant, and Ms. Shea entered her appearance. [DE-10, -16]. On March 18, 2024, Mr. Parrott was substituted as defense counsel for reasons unrelated to Ms. Shea's representation of Defendant. [DE-33]. At Defendant's June 10, 2024 arraignment he made an oral motion for new counsel, which was allowed, [DE-41], and Mr. Polk then entered an appearance for Defendant, [DE-42]. On September 4, 2024, Defendant was charged in a

superseding indictment with distribution of forty (40) grams or more of a mixture and substance containing a detectable amount of fentanyl, distribution of a quantity of fentanyl, and possession of a firearm by a convicted felon. [DE-44]. On November 13, 2024, Defendant entered a plea of not guilty, and the case was set for trial. [DE-56, -57]. Prior to trial, however, Defendant pleaded guilty pursuant to a written plea agreement to one distribution count. [DE-80 to -82]. The case was set for sentencing at the court's May 12, 2025 term, and sentencing was continued on Defendant's motion to the October 2025 term to allow Defendant additional time to file objections to the PSR. [DE-87]. On August 11, 2025, Mr. Polk moved to withdraw as counsel due to "an irreconcilable breakdown of communication" between Defendant and counsel, as well as Defendant's desire to "pursue legal remedies that create a conflict of interest" that would preclude counsel from further representing Defendant. [DE-90]. On August 19, 2025, the case was reassigned from Judge Boyle to Judge Flanagan, [DE-91], and the following day the undersigned allowed the motion to withdraw based on the asserted conflict of interest and ordered appointment of new counsel, [DE-92].

On August 22, 2025, Mr. Wilkinson, Defendant's fourth court-appointed counsel, entered an appearance. [DE-93]. After receiving extensions of the objection deadline, Mr. Wilkinson filed objections to the PSR on Defendant's behalf, [DE-99]. Defendant's sentencing was continued to the June 18, 2026 term of court, and on March 14, 2026, Mr. Wilkinson filed a motion to withdraw guilty plea on Defendant's behalf, asserting that the district court had failed to properly conduct the Rule 11 hearing resulting in a plea that was not knowing or voluntary. [DE-106]. At a July 28, 2026 hearing, the court allowed Defendant to withdraw his guilty plea, he entered a not guilty plea to all counts, and trial was set for August 31, 2026. [DE-112]. On August 5, Mr. Wilkinson advised the court that Defendant wished to change his plea. At the August 11 change of plea hearing, when asked by the court if Defendant was satisfied with counsel, he responded in the negative and then asked the court to appoint new counsel. [DE-115]. Defendant stated that counsel was not acting in

his best interest, the plea agreement offered him no benefit, and counsel would not listen to him or do what he asked to be done. The Government indicated there would be no further plea offers. The court continued the hearing and deferred ruling on the request to allow Defendant and counsel to attempt to resolve the issues raised. Mr. Wilkinson filed a motion to continue the trial, which the court allowed, and the trial was set for September 30, 2026. [DE-118, -119].

The court reconvened the parties on August 18, and conducted a hearing on Defendant's motion for new counsel. At the hearing, Defendant reiterated that Mr. Wilkinson had not sufficiently advocated on his behalf to the Government to obtain a more favorable plea agreement. Specifically, Defendant indicated there was discovery that Mr. Wilkinson had not shared with the Government in an effort to remove a stipulation contained in the current version of plea agreement. Mr. Wilknson explained he had discussed the plea agreement with the government including the stipulation. The court conducted an *ex parte* hearing without objection with Mr. Wilkinson and Defendant in which these issues were further discussed. For its part the Government indicated it would be withdrawing its current plea agreement unless Defendant accepted it and no others would be offered to Defendant.

## II. DISCUSSION

The Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988), *abrogated on other grounds by Fields v. Murray*, 49 F.3d 1024 (4th Cir.1995) (en banc). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* at 108. "An indigent defendant . . . can demand a different appointed lawyer only with good cause." *Id.* at 107. In determining whether good cause exists, the court considers (1) the timeliness of the motion; (2) the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and counsel is so great that it has resulted

in a total lack of communication, thereby preventing an adequate defense. *Id.* at 108.

The court finds that Defendant has failed to show good cause for the court to appoint new counsel. At the hearing, Mr. Wilkinson indicated he had in fact discussed the stipulation at issue with the Government. Defendant was admonished the Government could not be forced into a plea agreement of his liking. There is no evidence that the conflict between Mr. Wilkinson and Defendant regarding plea negotiations has interfered with their ability to communicate such that Mr. Wilkinson cannot adequately defend his client. Defendant is entitled to competent counsel but not to counsel of his own choosing. Defendant's dissatisfaction with Mr. Wilkinson, under the circumstances, is not good cause to appoint a fifth attorney in this case. Accordingly, Defendant has failed to show good cause for the appointment of new counsel, and the motion is denied.

SO ORDERED, this the 21st day of August, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge